# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 4, 2016

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**RANDELL C. MORRIS,**
**Claimant Below, Petitioner**

**vs.)  No. 15-0246** (BOR Appeal No. 2049971)
(Claim No. 2014004637)

**MONONGAHELA VALLEY ASSOCIATION OF HEALTH CENTERS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randell C. Morris, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Monongahela Valley Association of Health Centers, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 24, 2015, in which the Board affirmed an October 16, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 6, 2013, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Morris, a maintenance supervisor, injured his shoulders in the course of his employment on July 30, 2013, while lifting a rack of charts. The employee's report of injury lists the injury as an occupational disease caused by chronic overuse, and the workers' compensation reporting worksheet lists the diagnosis as shoulder sprain. Mr. Morris was treated by Himanshu Paliwal, M.D., for the compensable injury. On July 30, 2013, Dr. Paliwal stated that Mr. Morris reported bilateral shoulder pain for the past two years that had progressively worsened, though he stated that he did not recall any specific traumatic event. He injured his back two years prior

1

and began noticing left shoulder stiffness following the injury. Right shoulder stiffness eventually developed as well. Mr. Morris was diagnosed with rotator cuff tendonitis. Dr. Paliwal opined that the condition is likely due to his job duties which require overhead and heavy lifting. Mr. Morris was allowed to continue work with the avoidance of overhead activity.

Sushil Sethi, M.D., performed an independent medical evaluation on October 18, 2013, in which he noted that Mr. Morris was working forty hours a week. Dr. Sethi found that Mr. Morris had seen Roger Kritzer, D.C., off and on for some time. Dr. Sethi opined that he has been stabilized for the compensable injury and determined that he was working full time without restrictions. He diagnosed bilateral shoulder sprains due to overuse and found that Mr. Morris had reached maximum medical improvement. He stated that he could continue to work. The claims administrator then held the claim compensable for bilateral shoulder sprain/strain. It was noted that Mr. Morris was not entitled to temporary total disability benefits because he missed three or less days of work.

Mr. Morris was also treated by Chad Micucci, M.D., from November of 2013 through April of 2014. Dr. Micucci performed x-rays of Mr. Morris's shoulders and diagnosed bilateral shoulder rotator cuff tendinopathy, bursitis, impingement, and right elbow bicipital tendinopathy. An MRI was done of the right shoulder which showed a full thickness tear of the supraspinatus with proximal tendon retraction, partial tearing of the subscapularis, moderate acromioclavicular joint hypertrophy, and mild distal clavicular edema. A left shoulder MRI showed a complete rotator cuff tear and atrophy. Mr. Morris underwent left shoulder surgery. It was noted that it would likely take six months to recover and that he could do sedentary work but could not use the left arm to lift. The claims administrator denied the request for surgery because the evidence shows that the rotator cuff tears are chronic and not the result of the compensable injury.

On December 6, 2013, the claims administrator closed the claim for temporary total disability benefits because it did not receive evidence that Mr. Morris was disabled for more than three days. The Office of Judges affirmed the decision in its October 16, 2014, Order. It stated that the compensable condition in the claim is bilateral shoulder sprain/strain. The additional diagnoses of bilateral rotator cuff syndrome, bilateral bicipital tendinopathy, and shoulder pain were denied, and Mr. Morris did not protest the denial. The Office of Judges found that Dr. Sethi concluded in his independent medical evaluation that Mr. Morris was at maximum medical improvement and could return to full duty work with no restrictions. The Office of Judges also stated that the Order dated November 7, 2013, specifically noted that he had not missed more than three consecutive days of work. Mr. Morris did not protest that decision. Lastly, the Office of Judges stated that it agreed that the evidence shows that Mr. Morris's period of disability was for conditions and surgery which have already been denied in the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 24, 2015.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Pursuant to West Virginia Code § 23-4-5 (2003), a claimant is not granted benefits if the period of disability is less than three days. Mr. Morris failed to submit any evidence showing that he missed more than three days as a result of the compensable bilateral

shoulder sprains/strains. Further, West Virginia Code § 23-4-7a (2005) provides that temporary total disability benefits are suspended once a claimant has reached maximum medical improvement, has been released to return to work, or has actually returned to work. The evidence shows that Mr. Morris's treating physician, Dr. Paliwal, stated that Mr. Morris could continue to work. Also, Dr. Sethi found Mr. Morris to be at maximum medical improvement for the compensable injury in his independent medical evaluation. The record further shows that Mr. Morris's surgery and resulting disability are not the result of the work-related injury and he therefore is not entitled to temporary total disability benefits for the conditions or resulting surgery.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II